UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES ROHAURER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARBOR FREIGHT TOOLS USA, INC., )<br>and WARRIOR INDUSTRIAL, LLC, )<br>)<br>Defendants. ) | Case No. 1:20-cv-1365 |

**ORDER ON MOTION TO DISMISS**
**(Doc. 9)**

Plaintiff James Rohaurer filed this products-liability suit in New York Supreme Court in June 2020 alleging that in 2017 the cut-off wheel in a Black & Decker angle grinder that he was using exploded and caused injury and loss of his right eye. (Doc. 1-1.) Defendant Stanley Black & Decker, Inc. ("Black & Decker") removed the case to federal court (Doc. 2) and filed an answer and crossclaims against co-defendants Harbor Freight Tools USA, Inc. and Warrior Industrial, LLC (Doc. 3). In February 2022, counsel for Plaintiff and for Black & Decker executed a "Stipulation of Discontinuance" under Fed. R. Civ. P. 41(a), and the court "so ordered" the stipulation in May 2022. (Doc. 7.) The court terminated Black & Decker as a defendant, but the other two defendants remain in the case.

In August 2023, defendant Warrior Industrial, LLC filed a Motion to Dismiss for failure to prosecute. (Doc. 9.) Plaintiff filed no opposition or response. In an Order to Show Cause dated November 21, 2023, the court ordered Plaintiff to show cause within 14 days as to why the motion to dismiss should not be deemed submitted without opposition. (Doc. 10.) Plaintiff filed no response to that order.

## Analysis

I.   **Warrior Industrial, LLC's Motion to Dismiss**

Warrior Industrial, LLC ("Warrior International") seeks an order under Fed. R. Civ. P. 41(b) dismissing the complaint against Warrior Industrial. (Doc. 9.) Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). To determine whether to dismiss an action under Rule 41(b), the court considers whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Weiner v. Siemens AG*, No. 22-2656, 2023 WL 8227913, at *5 (2d Cir. Nov. 28, 2023) (per curiam) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No single factor is dispositive. *Id.*

With the above factors in mind, the court concludes as follows. Plaintiff has failed to prosecute this case against Warrior Industrial. Plaintiff responded to Warrior Industrial's first set of interrogatories in April 2021. (Doc. 9-6.) Plaintiff stated in his responses that he purchased a "Harbor Freight" cut-off wheel "manufactured by Defendant." (*Id.* at 4.) The docket reflects no other activity or filings from Plaintiff except for the February 2022 Stipulation of Discontinuance signed by the attorneys for Plaintiff and for Black & Decker. (Doc. 6.)

In September 2022, counsel for Warrior Industrial emailed Plaintiff's counsel asserting that Warrior Industrial "did not make, manufacture, sell or distribute the subject cut-off wheel" and that "Harbor Freight is the real defendant in interest." (Doc. 9-7 at 1.) Defense counsel requested that Plaintiff agree to file a stipulation of discontinuance as to Warrior Industrial. (*Id.*)

Defense counsel sent Plaintiff's counsel a follow-up email on January 6, 2023 requesting a response to the September 2022 email. (Doc. 9-8 at 1.) No stipulation of discontinuance as to Warrior Industrial has been filed in this case. As of April 19, 2023, no depositions in this case have been scheduled or taken. (Doc. 9-1 ¶ 9.) The court concludes that Plaintiff's failure to respond to defense counsel's inquiries and failure to proceed with discovery constitutes a failure to prosecute the case.

The failure to prosecute caused a significant delay in this action. Aside from the April 2021 paper discovery and February 2022 Stipulation of Discontinuance as to Black & Decker, the record reveals no efforts by the plaintiff to move the case forward. It is now December 2023; the court finds that the delay in this case supports dismissal. *See McCray v. Lee*, No. 16-CV-1730, 2023 WL 7112707, at *4 (W.D.N.Y. Oct. 27, 2023) ("A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient in successful Rule 41(B) motions to dismiss." (quoting *Salem v. City of New York*, No. 16-CV-7562, 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017))).

Warrior Industrial asserts that Plaintiff had notice of the possibility of dismissal by operation of this court's Local Rules of Civil Procedure Rule 41(b). (*See* Doc. 9-2 at 5.) Local Rule 41(b) authorizes the court to issue a show-cause order in cases where the parties have not taken any action in the case for six months. Thus, the local rule itself provides some level of notice regarding the possible consequences of failure to prosecute. *Cf. Madison v. Cuomo*, No. 20-CV-06489, 2023 WL 6626113, at *3 (W.D.N.Y. Oct. 11, 2023) ("Rule 5.2(d) itself provides notice that failure to provide a current address 'may result in dismissal of the case, with prejudice.'"). In any case, the court's November 2023 Order to Show Cause expressly advised Plaintiff that failure to respond could result in dismissal of the complaint. (Doc. 10 at 1–2.)

3

The court further concludes that Warrior Industrial is likely to be prejudiced by further delay. Here, there is no evidence that Plaintiff's counsel responded to defense counsel's September 2022 or January 2023 communications. Plaintiff also did not respond to the court's Show Cause order. These circumstances give rise to a presumption of prejudice. *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) ("Where a plaintiff has become inaccessible for months at a time, courts presume prejudice."). Plaintiff has not supplied any evidence to rebut that presumption.

Warrior Industrial has not presented any argument regarding the remaining two factors of the Rule 41(b) analysis. (*See* Doc. 9-2 at 6 (requesting dismissal because "three of the five factors . . . are satisfied").) However, the court notes that Plaintiff's failure to act for a long period of time and failure to respond to the court's Show Cause Order support the conclusion that this case is congesting the court's docket unnecessarily. Finally, the court finds that lesser sanctions would not likely be effective, especially because Plaintiff has not responded to multiple requests from opposing counsel and from the court to engage in the case.

## II.   Harbor Freight Tools USA, Inc.

When Black & Decker removed this case to federal court, Warrior Industrial consented to the removal. (Doc. 1-6 at 2.) At the same time, Black & Decker asserted on information and belief that Harbor Freight Tools USA, Inc. ("Harbor Freight") had not been served with process or appeared in the action. (Doc. 2 ¶ 12.) Black & Decker noted that the rule requiring all defendants to consent to removal does not require the consent of defendants who have not been served with process. (*Id.*) This court's docket reflects no service of process upon Harbor Freight or any notice of appearance for that entity.

The court will dismiss Harbor Freight on the court's own motion under Fed. R. Civ. P. 4(m). That rule provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In light of the conclusions above, it does not appear that ordering Plaintiff to complete service or to show cause for failure to do so would be productive. Plaintiff's failure to serve Harbor Freight within 90 days after filing the complaint warrants dismissal of that defendant under Rule 4(m).

## Conclusion

Warrior Industrial, LLC's Motion to Dismiss (Doc. 9) under Fed. R. Civ. P. 41(b) is GRANTED and the complaint against Warrior Industrial, LLC is dismissed without prejudice.

The court dismisses the complaint against Harbor Freight Tools USA, Inc. without prejudice on the court's own motion under Fed. R. Civ. P. 4(m).

Dated this 14th day of December, 2023.

Geoffrey W. Crawford, Judge
United States District Court